CASE 73.—ACTION BY A. H. MOORE AGAINST E. E. SHANNON.—March 16, 1910.

## Moore v. Shannon

Appeal from Lawrence Circuit Court.

J. B. HANNAH, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Sales—Action for Breach of Warranty—Evidence—Admissibility.—Where, in an action for breach of warranty of a horse sold by defendant, defendant denied the warranty, and the evidence on the issue was conflicting, evidence that plaintiff, since buying the horse, had bought an automobile, and relating to his use of horses since the purchase of the automobile, was admissible as affecting his interest and good faith.

2. Sales—Action for Breach of Warranty—Evidence—Admissibility.—Where, in an action by a buyer of a horse for breach of warranty, the buyer claimed that the horse was worthless, evidence that he could have sold the horse at a substantial price was admissible to show that it was not worthless and as a circumstance bearing on its value.

3. Depositions—Notice—Sufficiency.—A notice to take a deposition, which gives the name of the court, the title of the

Moore v. Shannon.

pending action, the name of the witness, and which specifies that he is a witness for plaintiff in the cause, and which is addressed to defendant, is sufficient, under Civ. Code Prac. section 566, defining the requisites of notices to take depositions.

4. Appeal and Error—Harmless Error—Erroneous Exclusion of Depositions.—Where the successful party had the greater number of witnesses, the exclusion of a deposition taken by the adverse party containing testimony which, considered with the other testimony of the adverse party, might have caused the jury to return a verdict for the adverse party, was prejudicial.

5. Appeal and Error—Exclusion of Depositions—Review.—Where the court deemed the notice to take a deposition insufficient when passing on exceptions to the notice before trial, it was not necessary to offer the deposition in evidence and require the court a second time to pass on the question to have the error reviewable on appeal.

6. Sales—Action for Breach of Warranty—Evidence—Instructions.—Where, in an action for breach of warranty in the sale of a horse, the sole issue was whether the warranty was made, and there was no claim that the seller did not know the condition of the horse or that he made representations in regard to its condition which he did not know to be untrue, an instruction that it was not necessary for the buyer to show that when the seller made the warranty that he knew it to be untrue, for though he believed the warranty to be true, still if it was false the verdict should be for the buyer, was erroneous because of the absence of evidence on which to base it.

7. Sales—Action for Breach of Warranty—Issues, Proof, and Variance.—A petition in an action for breach of warranty in the sale of a horse, which alleges that the seller warranted the horse and that its right eye was sound, is supported by evidence that the seller guaranteed that the eye of the horse would get well and sound.

J. F. STEWART, C. L. MILLER and ZERVOSS & WEAKLEY for appellant.

M. S. BURNS, W. D. O'NEAL, JR., W. T. CAIN and A. O. CARTER for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, A. H. Moore, instituted this action against appellee, E. E. Shannon, to recover damages for a breach of warranty of a horse which he purchased of appellee. The jury returned a verdict in favor of appellee, and A. H. Moore appeals. The facts are as follows: Appellant is a practicing physician and resides in Ashland. He had known appellee all his life. Learning that appellee had a horse for sale, appellant notified appellee to have the horse in Louisa on a certain day. On that day, appellant, in company with his brother, went to Louisa. Appellee had the horse brought out so that appellant and his brother could examine him. When the horse was brought out, his right eye was inflamed. Appellant asked appellee what was the matter with the horse's eye, and the latter replied that it had gotten saw-dust in its eye a day or two before. From this on the evidence is conflicting. According to appellant and his witnesses, appellee said that he would guarantee and insure the horse's eye to get sound and well. According to the testimony of appellee and his witnesses, he said: "I will guarantee the horse to be as sound as a dollar except its eye, and it shows for itself." Appellant gave appellee a check for $230 in payment for the horse. He claims that this was done with the understanding that appellee would insure and guarantee the horse's eye to get sound and well. Appellee denied that the check was given with any such understanding. Appellant claims that after he bought the horse and took him home, his eye continued to get worse; that at the time he testified the horse was practically worthless. During the cross-exaination of appellant, appellee's attorney asked him to state whether or not, since he had bought the horse, he had bought an automobile. Appellant

replied that he had.  Appellee's attorney then asked him the following question:  "Since you have bought the automobile, you do not have as much use for the horse as you had when you bought the horse?"  Appellant answered:  "Well, I do not know whether or not I have as much use for him as I did, but I used two horses most of the time before I got the automobile.  I kept them pretty busy."  This and other testimony along the same lines was objected to.  Appellant was also asked if a man by the name of Wright did not call at his office and offer to buy the horse. Appellant replied that Wright did not make him any offer, but that he (appellant) made Wright an offer and the latter refused to take him up. Other questions along the same line were asked.  This testimony was also objected to.

It is urgently insisted that the court erred in admitting evidence of this character.   While the evidence relating to the automobile was not very material one way or the other, we are inclined to the opinion that it was admissible as affecting the interest and good faith of appellant.  The evidence relating to the purchase of the horse and the price at which he was offered was admissible as a circumstance bearing upon the value of the horse.  Appellant claimed the horse was worthless.  If he could have sold him at a substantial price,  this evidence would tend to show that he was not worthless.

Before the trial of the case, appellant took the deposition of John R. Preston, a witness who was present when the horse was sold, and who at the time of the taking of his deposition lived in Chillicothe, Ohio.  Appellee filed exception to this deposition based on the insufficiency of the notice.  These exceptions were sustained.  The notice in question

is as follows: "Lawrence Circuit Court. A. H. Moore, Plaintiff, v. E. E. Shannon, Defendant. Notice to Take Deposition. To E. E. Shannon, Defendant: You will take notice that the deposition of John R. Preston, a witness for the plaintiff in the above-styled cause, will be taken before James I. Boulger, notary public, in and for county of Ross, state of Ohio, at the law office of Luther B. Yaple, Foulke Block, in the city of Chillicothe in the county of Ross in the state of Ohio on the 12th day of September, 1908, regular hours commencing at 10:00 a. m., or as soon therafter as practical, and continue from day to day until completed (Sundays excepted). This 8th day of September, 1908. C. L. Miller, J. F. Stewart, Attorneys for Plaintiff."

Section 566 of the Civil Code of Practice, relating to notices to take depositions, is as follows: "The notice must be in writing, signed by the party giving it, or his attorney; must be addressed to the party on whom it is to be served, and specify the time and place of taking the deposition, and the action or proceeding in which it is to be used; and must also state the name of the proposed witness, if the deposition be taken out of the county where the court sits, unless it be taken to prove a law, custom, or usage."

The exceptions to the notice were sustained, because the notice did not state in what court the deposition was to be read, or on whose behalf it was to be read. It will be observed that the notice in question gives the name of the court in which the action is pending, the title of the action, the name of the witness whose deposition is to be taken, and specifies that he is a witness for the plaintiff in the above-styled cause. It is further addressed to the party on whom it is to be served, and specifies the

Moore v. Shannon.

time and place of taking of the deposition. It would be highly technical to say that this notice is not sufficient because it does not state in what court the deposition was to be read, or on whose behalf it was to be read. When the notice specified the court wherein the action was pending and the title of the cause, and stated that the deposition of John R. Preston, a witness for the plaintiff in the above-styled cause, was to be taken, it gave to appellee full notice of the proceeding in which the deposition was to be used. By no process of reasoning could appellee have concluded that the deposition was to be read or used in any other proceeding than that referred to in the notice. Appellee could not have been misled by the notice. The deposition was not filed in any other case, but in the very cause set out in the notice. We therefore conclude that the notice was sufficient, and that the court erred in sustaining exceptions thereto. It is insisted, however, that this action of the court was not prejudicial, because the evidence of Preston was simply cumulative, and that with that deposition before the jury the appellee would still have had a larger number of witnesses. In this contention we cannot concur. It is not for us to say what would have been the effect of the deposition had it been before the jury. Considered in connection with the other testimony for appellant, it may have been sufficient to cause a contrary verdict. If appellee had the greater number of witnesses, it was all the more necessary that appellant should have the advantage of the testimony of all his witnesses. In our opinion, the action of the court, in sustaining the exceptions to the deposition in question, was prejudicial to the substantial rights of appellant. But it it is insisted that appellant, in order to avail himself

vol. 137—39

of the error of the court, should have offered the deposition in evidence. The court, however, had the right to pass upon the exceptions to the notice before entering into the trial. Having deemed the notice insufficient, it was not necessary for appellant to offer the deposition in evidence and thus require the court a second time to pass upon the same question.

No complaint is made of the instructions given, but it is insisted that the court erred in failing to give the following instruction offered by appellant: ''The court further instructs the jury that it is not necessary for the plaintiff to show that when the defendant, E. E. Shannon, made the warranty, if any he did, that said defendant knew it to be untrue, for even though the defendant believed the warranty to be true, still if the horse was unsound, you will find for the plaintiff, as in instruction No. 1.'' There was no evidence in the case upon which to base this instruction. The sole question was whether or not the warranty claimed by appellant was made. There was no claim on the part of appellee that he did not know the condition of the horse, or that he made any representations in regard to its condition which he did not know to be untrue.

Lastly, it is insisted by appellee that judgment in this case was proper because there was a failure of proof. In this connection the point is made that the petition charged that appellee warranted the horse and the right eye thereof to be sound, while the proof showed that appellee guaranteed that the eye would get well and sound. We think, however, that this language was a warranty of the soundness of the eye. If the statements of appellant's witnesses are to be believed, appellee meant to convey to appellant the

impression that the eye was only affected temporarily; otherwise, it was sound and would soon get well.

For the reasons given, the judgment is reversed and cause remanded for a new trial consistent with this opinion.